IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUEL WAAMU OGUNTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-214-RAS-KPJ |
| | § | |
| KILOLO KIJAKAZI, | § | |
| *Acting Commissioner of Social Security*, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Samuel Waamu Ogunti's ("Plaintiff") Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA") (the "Motion") (Dkt. 20), filed December 27, 2021, wherein Plaintiff seeks $9,000.00 in attorney fees and $400.00 in costs. *See id.* at 3. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("the Commissioner"), filed a response in opposition, wherein the Commissioner argues the hours for which fees are requested are excessive. *See* Dkt. 22. Plaintiff filed a reply on January 28, 2022. *See* Dkt. 24. For the reasons set forth below, the Court recommends the Motion (Dkt. 20) be **GRANTED**.

I. ANALYSIS

A. Attorney Fees

In order to award attorney fees in a social security action under the EAJA, the Court must determine: (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; (3) there are no special circumstances that make an award unjust; and (4) the requested fees and costs are reasonable. 28 U.S.C. § 2412(b), (d)(1)(A). The burden of proving substantial justification is on the government. *Prince v. Colvin*, 94 F. Supp. 3d 787, 794 (N.D. Tex.

1

2015) (citing *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001)). "Substantial justification" under the EAJA means that the government's position must have a reasonable basis both in law and in fact. *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (citing *Baker v. Brown*, 839 F.2d 1075, 1080 (5th Cir. 1988)). The Court remanded this case to the Social Security Administration after determining that the Administrative Law Judge ("ALJ") erred in his consideration of Plaintiff's past relevant work at step four. *See* Dkts. 17–18. In her response, the Commissioner does not argue that her litigation position was substantially justified or that there are special circumstances that make an EAJA award unjust. *See* Dkt. 22. Therefore, the Court recommends finding that Plaintiff is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.

Turning to whether Plaintiff's requested fees are reasonable, Plaintiff's Motion seeks attorney fees for forty-five (45) hours expended in this case in 2020 and 2021 at an hourly rate of $200.00. *See* Dkt. 20 at 2. Plaintiff's counsel indicates that, although he expended 49.2 hours in this matter, he is only seeking EAJA compensation for forty-five hours. *Id.* at 2. The Commissioner's sole objection to the requested fees is that the number of hours requested are excessive. *See* Dkt. 22.

"The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim." *Hawley v. Saul*, No. 3:19-cv-1959, 2021 WL 3473268, at *1 (N.D. Tex. Aug. 5, 2021) (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990)). "The typical EAJA application in social security cases claims between thirty and forty hours." *Hardy v. Callahan*, No. 96-cv-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997). However, "[c]ourts may, and indeed do, award attorneys' fees for hours that deviate from the typical thirty to forty-hour range so long as such an award is reasonable." *Darby v. Saul*, No. 1:17-cv-32, 2019 WL

6791009, at *6 (N.D. Tex. Nov. 27, 2019), *R. & R. adopted sub nom. Kimberly Kathryn D. v. Saul*, 2019 WL 6790397 (N.D. Tex. Dec. 12, 2019).

Here, the Commissioner objects to sixteen hours Plaintiff's counsel claims to have spent doing an initial review of the nearly 1400-page administrative record, and 6.6 hours spent at a later date to "[f]inish trans[cript] review, eliminate some possible issues, [and] begin draft of opening draft." *See* Dkt. 22 at 1. The Commissioner notes that the vast majority of the administrative record consists of medical evidence, which Plaintiff did not rely upon in his briefing as he ultimately raised only vocational issues in his appeal. *Id.* The Commissioner also objects to 10.8 hours Plaintiff's counsel expended to complete the opening brief. *See* Dkt. 22 at 2. Based on the foregoing, the Commissioner asks the Court to reduce the requested award by ten hours. *Id.*

The Court finds that a reduction in hours is not warranted. Plaintiff's counsel did not represent Plaintiff at the agency level, *see* Dkt. 24 at 2, and thus was unfamiliar with the administrative record. It was thus reasonable for Plaintiff's counsel to review the entire record in order to determine which issues were worth pursuing on appeal. That Plaintiff's counsel ultimately decided to raise only vocational issues does not undercut from the time counsel needed to review the record and eliminate other potential issues. As such, the forty-five hours requested are reasonable. *See B. M. v. Comm'r of Soc. Sec.*, No. 1:19-cv-57, 2021 WL 1175211, at *1 (M.D. Ga. Mar. 26, 2021) ("42.7 hours is generally reasonable for this particular case as the transcript was nearly 1,200 pages."); *Williams v. Berryhill*, No. 3:17-cv-3277, 2019 WL 3006812, at *3 (N.D. Tex. Jul. 10, 2019) (approving 65.5 hours expended); *Darby*, 2019 WL 6791009, at *6 (approving 71.5 hours expended for case with 2,465-page administrative record). The Court finds that Plaintiff has adequately supported the reasonableness of the number of hours claimed by his attorney and, accordingly, recommends Plaintiff be awarded fees in the amount of $9,000.00.

### B. Costs

Plaintiff also seeks court filing fee costs in the amount of $400.00. *See* Dkt. 20 at 3. The Commissioner does not oppose this request. Therefore, the Court recommends Plaintiff be awarded costs in the amount of $400.00. However, because an award of court filing fee costs is not payable as EAJA fees, the award should be paid from the Judgment Fund pursuant to 28 U.S.C. § 2412(a). *See, e.g.*, *Cockshutt v. Saul*, No. 3:19-cv-896, 2021 WL 1338149, at *7 (N.D. Tex. Apr. 8, 2021) (ordering filing fee costs to be paid from the Judgment Fund in an appeal of an adverse social security ruling).

### C. Meet and Confer Requirement

In the Certificate of Conference accompanying the Motion, Plaintiff's counsel indicated that he was "unable to confer with SSA prior to the filing of this motion due to SSA's position that the Agency will no longer negotiate any EAJA fee matters in this jurisdiction prior to the filing of a formal motion with the Court." *See* Dkt. 20 at 5. The Commissioner did not address this issue in her response, which prompted Plaintiff's counsel to raise it again in his reply. *See* Dkt. 24 at 1. The reply suggests that Plaintiff's counsel may have been amenable to lowering his requested fees had the Commissioner attempted to confer. *Id.* It is not entirely clear to the Court why the Commissioner did not comply with the "Meet and Confer" requirement set forth in Local Rule 7(h). The conference requirement eliminates the need for unnecessary fee disputes and promotes efficiency, not only for the Court but also for litigants who are saved the burden of briefing fee issues and compiling billing records. Thus, in the future, the parties should confer in accordance with the requirements of Local Rule 7(h).

## II. RECOMMENDATION

Therefore, the Court recommends the Motion (Dkt. 20) be **GRANTED**, and Plaintiff be awarded attorney fees under the EAJA in the amount of **$9,000.00** and filing fee costs in the amount of **$400.00**. The Court further recommends that the award be made payable to Plaintiff and sent to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 2nd day of September, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE